IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JORDAN ALLEN TAIT                    :          CIVIL ACTION

        v.                           :

VINCENT GUARINI, et al.              :          NO. 08-4180

REPORT AND RECOMMENDATION

THOMAS J. RUETER                                January 8, 2009
Chief United States Magistrate Judge

        Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2241 ("Petition").  (Doc. No. 1.)[1]  For the reasons stated below, this

court recommends that the petition be dismissed without prejudice for failure to exhaust state

court remedies.

I.          **BACKGROUND**

        On January 25, 2007, petitioner was arrested by the Lancaster County District

Attorney for offenses relating to his possession with intent to deliver cocaine.  The court set bail

at $200,000.  Petitioner is currently in pretrial detention at the county prison.  Petitioner is

represented by the Lancaster County Public Defender.  On April 4, 2007, petitioner waived his

right to a preliminary hearing.  On May 7, 2007, petitioner's attorney filed a Waiver of

Arraignment.  Subsequently, petitioner's attorney filed nine motions for trial continuances, all of

which have been granted by the state court.  See Petition at 1-3; Response at 2.  In filing his

_____

1.    On August 26, 2008, petitioner filed a document titled, "Motion for Writ of Habeas Corpus
Cum Causa" (Doc. No. 1).  By Order dated September 25, 2008, the Honorable Berle M. Schiller
notified petitioner that the court will construe petitioner's motion as a petition for habeas relief
pursuant to 28 U.S.C. § 2241 because petitioner seeks relief prior to his conviction.  See Moore
v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).  See also Paladino v. King, 247 Fed. Appx.
393, 394-95 (3d Cir. 2007) (challenges to pretrial incarceration are properly brought in a § 2241
petition) (not precedential).  Section 2254 "is a post-conviction remedy, and does not grant a
federal court habeas jurisdiction to review a claim raised prior to a petitioner's conviction."
McDowell v. Chesney, 2004 WL 1376591, at *3 (D. Del. June 17, 2004).  In support of his
habeas petition, petitioner also filed a document titled, "Presented Evidence 72.1.IV(c)" (Doc.
No. 7).

motion for trial continuances, petitioner waived his right to a Speedy Trial under Pa. R. Crim. P. 600.  A guilty plea hearing is now scheduled for February 23, 2009.  See Court of Common Pleas of Lancaster County Docket, No. CP-36-CR-0001692-2007 (dated Jan. 7, 2009).

On August 26, 2008, petitioner filed his pro se petition for a writ of habeas corpus.  Petitioner complains that the state court violated his federal and state constitutional right to a speedy trial.  On December 19, 2008, the District Attorney for Philadelphia County filed a response to the petition (Doc. No. 9), arguing that the petition should be dismissed for failure to exhaust state court remedies.

## II.        DISCUSSION

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 847 (1999); Evans v. Court of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).[2]  The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241. See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional law . . . as to claims brought under 28 U.S.C. § 2241.") (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973)); Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975) (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned").  "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights."  Caswell v. Ryan, 953 F.2d 853, 857 (3d

---

2.    On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement.  The Third Circuit has recognized the validity of this order and no longer requires that a petition for allocatur be filed in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement.  Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

Cir.), cert. denied, 504 U.S. 944 (1992).  To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  "This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts.  Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989), cert. denied, 493 U.S. 1036 (1990) (internal citation omitted).

Generally, a federal court may not intervene into pending state criminal proceedings prior to a judgment of conviction by a state court.  Evans, 959 F.2d at 1234.  The Third Circuit gave the rationale for this principle as follows:

> It is an underlying principle of federal habeas corpus law ever since the decision in Ex Parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973).  The rule barring pretrial intervention into pending state criminal proceedings by way of federal habeas corpus or otherwise is premised on the notion of comity, a principle of deference and "proper respect" for state governmental functions in our federal system.  See Younger v. Harris, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).
>
> In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.  Indeed, the holding in Younger that a federal court may not ordinarily enjoin a state criminal proceeding, even when the state court action may be based on an unconstitutional statute, presumes that state courts should be "left free to perform their separate functions in their separate ways." Id.

Id.  See also Braden, 410 U.S. at 508 (federal habeas corpus should not be used as a "pretrial-motion forum for state prisoners") (Rehnquist, J., dissenting).

Petitioner's primary federal claim is that he was denied his federal right to a speedy trial under the Sixth Amendment.  Federal courts have in limited circumstances permitted habeas review of a speedy trial claim prior to a conviction, but only when petitioner is asking the state courts to enforce "the state's constitutional obligation to bring him promptly to trial" and when petitioner has repeatedly made this request to the state courts.  McDowell v. Chesney, 2004

WL 1376591, at *5 (D. Del. June 17, 2004) (quoting <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489-90 (1973)).  However, a federal court will not review a speedy trial claim, presented in a pretrial application for habeas, when petitioner is attempting to derail or stop a pending state trial.  <u>Moore</u>, 515 F.2d at 446.  As the court in <u>McDowell</u> stated:

> In contrast, when a petitioner is attempting to "abort a trial in the state courts" by seeking to dismiss pending state charges, to grant habeas review would be to permit premature litigation of constitutional defenses in federal court. Consequently, federal habeas review is not available unless the petitioner has exhausted "state remedies" and he makes "a special showing of the need for such adjudication" or he demonstrates "extraordinary circumstances" sufficient to excuse his failure to exhaust.

<u>McDowell</u>, 2004 WL 1376591, at *5 (footnote and citations omitted).

Here, petitioner's guilty plea is scheduled for February 23, 2009.  The delay in bringing this case to trial resulted from petitioner's filing motions for continuances.  In his federal petition, petitioner seeks "dismissal of the entire criminal information with prejudice" because of the delay.  (Petition at 6.)  Therefore, petitioner is attempting to "abort a trial in the state court" and must exhaust his state court remedies before seeking federal habeas corpus relief. Petitioner has not raised any of his claims in the state's appellate courts.  Therefore, the claims are plainly unexhausted and this habeas petition should be dismissed.

For all the above reasons, this court finds that petitioner has failed to exhaust his state court remedies and has failed to identify an exception to the general rule precluding pretrial habeas corpus review.  Accordingly, the court makes the following:

# R E C O M M E N D A T I O N

AND NOW, this 8th day of January, 2009, the court respectfully recommends that the petitions for a writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies, and that <u>no</u> certificate of appealability ("COA") be granted.[3]

---

3.    The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petitions should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further.  See <u>Miller-El v. Cockrell</u>, 537 U.S.
(continued...)

4

The petitioner may file objections to this Report and Recommendation.  <u>See</u> Loc. R. Civ. P. 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.


BY THE COURT:


/s/ Thomas J. Rueter
THOMAS J. RUETER
Chief United States Magistrate Judge

---

3.   (...continued)
322, 336 (2003).